[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an accelerated calendar appeal, submitted on the briefs of the parties, from the judgment entry of divorce issued by the Portage County Court of Common Pleas, Domestic Relations Division, in which the trial court granted a divorce to appellant, John L. McMahon, and appellee, Rebecca McMahon.
The parties were married, on September 22, 1990, and no children were born of this marriage. On September 29, 2000, after ten years of marriage, appellee filed a complaint for divorce. On October 2, 2000, appellant filed his answer and countercomplaint for divorce.
 The trial was held February 1, 2001. On March 1, 2001, the court issued its judgment entry granting the parties a divorce. In its judgment entry, the trial court awarded appellee the following: the marital residence, valued at $120,000, with a mortgage of $68,500 and $51,500 in equity; her SERS, valued at $5,000; and, a Cougar automobile, valued at $3,000. Appellant was awarded: his tools, with a fair market value of $2,840; $1,288 equity from the sale of a 1997 Trans Craft Trailer; and, his 1991 Freightliner, with a fair market value of $17,900. The trial court concluded that "[t]o equalize the property division, [appellee] would owe [appellant] the sum of $18,736." However, instead of awarding appellant $18,736, the court determined that "the $18,736 shall be an award of spousal support."
Appellant appeals from the March 1, 2001 judgment entry, presenting these assignments of error for our review:
 "[1]. The trial court abused its discretion and [sic] as a matter of law in awarding the Appellee a lump sum spousal support award in the amount of $18,736.
 "[2.] The trial court abused its discretion and erred as a matter of law in dividing the marital property, and the division was against the manifest weight of the evidence."
In appellant's first assignment of error, he argues that, while the trial court considered the factors enumerated in R.C. 3105.18, its lump-sum spousal support award was not based upon the statutory factors, and therefore, constituted an abuse of discretion. In response, appellee argues that the spousal support award was properly based upon the statutory factors.
"It is well-established that pursuant to R.C. 3105.18(C)(1), the trial court enjoys broad discretion in awarding spousal support to either party when it is `appropriate and reasonable' to do so." Young v. Young, 11th Dist. No. 2001-T-0026, 2002-Ohio-1329, at ¶ 25. An award of spousal support will not be disturbed on appeal absent an abuse of discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
We have previously held that "[a] trial court's failure to apply statutory guidelines in dividing property or in awarding spousal support amounts to an abuse of discretion, as such failure is considered `arbitrary,' warranting a reversal under Blakemore." Meliher v. Meliher
(Dec. 5, 1997), 11th Dist. No. 97-P-0028, 1997 Ohio App. LEXIS 5444, at *8-9, citing Jones v. Jones (Feb. 7, 1994), 12th Dist. Nos. CA93-02-11, CA93-02-081, 1994 Ohio App. LEXIS 412.
R.C. 3105.171(C)(3), requires that "[t]he court shall provide for an equitable division of marital property under this section prior to makingan award of spousal support to either spouse under section 3105.18 of the Ohio Revised Code and without regard to any spousal support so awarded." (Emphasis added) R.C. 3105.171(C)(3). This language clearly reveals that the General Assembly intended to stop the trial court from combining the award of marital property and the spousal support award. Spurlock v.Spurlock (Dec. 15, 1995), 11th Dist. No 94-A-026, 1995 Ohio App. LEXIS 5568, at *12.
With the above principles in mind, we conclude that, as a matter of law, the trial court failed to follow the statutory guidelines by improperly combining the division of the marital property and the award of spousal support. In its judgment entry, the trial court stated the following:
 "Wife's income is $22,152 and it will be difficult for her to significantly increase her income without additional educational training. Husband's opportunities to increase his income are far greater than those of Wife. This is a marriage of ten years and the Court would ordinarily set an award of spousal support to last for 36 months.
Accordingly, considering the above factors and considering all the factors outlined in O.R.C. Section 3105.18 and considering that Wife has about $5,000 in additional marital debt to pay, the $18,736 [which Wife would owe Husband to equalize the property division] shall be an award of spousal support."
Upon review of the judgment entry, we conclude that the trial court essentially awarded appellee the marital property, including the marital residence, in lieu of spousal support, but characterized the $18,736 award as spousal support. Thus, the trial court erred in mingling the division of the marital property with the award of spousal support. Appellant's first assignment has merit.
On remand, the trial court is instructed to separately determine the division of the marital property prior to, and without regard for, any award of spousal support. The trial court must provide enough factual and analytical detail so that a reviewing court can determine if the award is an equitable, but unequal, division of the marital property, pursuant to R.C. 3105.171(C). The trial court must then determine, pursuant to R.C.3105.18, if appellee should receive an award of spousal support, and, if so, both the amount and the form of the award. The trial court must set forth its analysis and reasoning for awarding spousal support. Because classification of the $18,736 award as either marital property or an award of spousal support may have legal ramifications under probate, tax, or bankruptcy proceedings, the trial court is instructed to carefully distinguish its division of the marital assets and the award of spousal support.
Appellant's second assignment of error is rendered moot based on our disposition of appellant's first assignment of error. However, because both parties dispute the trial court's finding regarding the mortgage amount and the equity in the marital residence, the trial court is instructed, on remand, to determine the amount of the mortgage and equity in the marital residence, consistent with the testimony and exhibits presented to the court.
Further, the court's valuation of appellant's 1991 Freightliner truck must be consistent with the testimony and exhibits presented to the court. The record reveals that appellant submitted an appraisal, prepared by FYDA Freightliner Youngstown, Inc., demonstrating that his 1991 Freightliner truck had an estimated retail value of $13,000. Appellee submitted evidence that a different truck, a 1992 Buckeye Freightliner, sells for $17,900. Thus, it appears that the trial court's valuation of appellant's 1991 Freightliner truck at $17,900, may not have been based on the evidence presented. Hence, on remand, the trial court must set forth its basis for the valuation of appellant's 1991 Freightliner so that a reviewing court can engage in a meaningful review.
Based on the foregoing, the judgment is reversed and the cause remanded for the trial court to sufficiently delineate the basis for the property division and award spousal support in such detail that this court is able to determine whether the judgment is fair, equitable and in accordance with the law.
DONALD R. FORD, P.J., DIANE V. GRENDELL, J., concur.